IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**JOSEPH H. MOORE and**
**ANITA MOORE**

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　CV 1:13-2077-RBP

**ANNISTON ARMY DEPOT**

        Defendant.

### MEMORANDUM OPINION

This cause comes on to be heard on Defendant's Motion to Dismiss, or for Summary Judgment filed by the United States of America on November 14, 2013 and Plaintiffs' Motion to Substitute United States of America as Defendant and Supplemental Response to Defendant's Motion and Brief to Dismiss or for Summary Judgment filed by plaintiffs on December 18, 2013.

This action presents questions not directly addressed in any case cited by the parties, nor in any statute dealing with claims against the United States arising out of negligence or wrongful acts. At least one of the differences here is that the initial action was not brought against any employee of a Federal agency, but was brought against "Anniston Army Depot" which is not likely an entity which is subject to a Federal agency claim nor a legal action. The entity against whom such a claim may generally be made would likely be the Department of Army, Department of Defense, U. S. Army, etc.[1]

---

[1] This court has not been cited, nor has it found, any controlling authority on what constitutes a "Federal agency" with whom a claim can be filed or a legal action brought. But, for example, a claim must usually be made against and filed with the U. S. Postal Service, not a local post office. "Anniston Army Depot" is likely a facility or installation rather than such a Federal agency. The court makes no relied upon ruling as to what constitutes an

The following are statutory provisions which may have some application to this case.

1.  28 U.S.C. § 2675

(a) An action shall not be instigated upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*   (Emphasis added).[2]

2.  28 U.S.C. § 2401

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Again, "appropriate Federal agency."

3.  28 U.S.C. § 2679

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under Section 2401(b) of this title if

    (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced and

    (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

---

"appropriate Federal agency."  Regardless, *no* claim has been filed in this case.

[2] See the reference to "appropriate Federal agency."

Various references in Section 2679 are to suits against "employees of a Federal agency."

The foregoing statutes do not discuss whether suits against such an installation as Anniston Army Depot would be considered to be such a Federal agency. It is clear that no appropriate claim has been filed here unless, somehow, the filing of the state court action in this case on October 21, 2013 allows a delay in filing an appropriate and timely claim.

The following cases have some pertinent language:

1.  *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008)

"The FTCA is a specific, congressional exception" to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994) (per curiam). However, this waiver "must be scrupulously observed, and not expanded, by the courts." *Id. A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency* ... within two years from the time the claim accrues ... accompanied by a claim for money damages *in a sum certain*." *Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir.2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). The sum certain requirement of § 2675(a) serves a valuable purpose; it informs the government of the maximum amount of a claim, enabling the government to evaluate whether to settle a claim or proceed to trial. *See Tidd v. United States,* 786 F.2d 1565, 1568 (11th Cir.1986). Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a). Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," *the district court lacks subject matter jurisdiction over prematurely filed suits*. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

"The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple,* 460 F.3d at 1325. Thus, "in multiple claimant actions under the FTCA, each claimant must individually satisfy the *jurisdictional prerequisite* of filing a proper claim." *Id.* (citation omitted). If the claimant *fails to provide a sum certain* within the claim, the administrative claim "fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *Id.* at 1324 (citation omitted). Although we have stated that we take "a somewhat lenient approach to the 'sum certain' requirement," *Tidd,* 786 F.2d at 1567 n. 6, "we have

held that the FTCA requires, at a minimum, *that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant."* *Dalrymple,* 460 F.3d at 1325 (citation omitted). (Emphasis added).

The action filed in state court on October 21, 2013 did not claim a "sum certain."

2. *Compare* the case of *Burchfield v United States*, 168 F.3d 1252 (11th Cir. 1999).

The plaintiffs suggest that the case of *Martin v. United States*, 439 Fed. Appx 842 (11th Cir. 2011) may cast some doubt on this court's decision to dismiss this action for lack of jurisdiction. However, that case is different from this case. The state court action in *Martin* was begun against a Federal employee.

28 U.S.C. § Section 2679(c) provides that "[t]he Attorney General shall defend any civil action or proceeding brought in any court against *any employee of the Government or his estate* for any such damage or injury." (emphasis added). Section 2679(d)(1) states:

> Upon certification by the Attorney General *that the defendant employee* was acting within the scope of his office or employment … any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, *and the United States shall be substituted as the party defendant.*

Section 2679(d)(5) is applicable "[w]henever an action or proceeding in which *the United States is substituted as the party defendant under this subsection* is dismissed for failure first to present a claim." (Emphasis added).

Section 2679(d)(2) states, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the District court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Actions against Federal employees are different in that there has to be a line and scope of employment decision. The district court's dismissal in *Martin* was affirmed because, "the district court lacked jurisdiction to hear her claim."

This action will be dismissed for lack of jurisdiction. The dismissal will not be determinative of whether an appropriate Federal Agency should give some consideration to a later filed claim which the plaintiffs may file. Any such determination may be subject to further Federal court review in a separate action.[3]

This court is satisfied that no appropriate claim has ever been filed in this case.[4]

This the 2nd day of January, 2014.

*Robert B. Propst*
_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**

---

[3] The Memorandum Opinion is adopted as to rulings on any pending motions, etc.

[4] Since this court has no jurisdiction because of the lack of any filed claim, this court has no jurisdiction to decide if a claim can be later filed. The action will be dismissed. However, the dismissal is not intended to have any bearing on a claim which the plaintiffs may elect to later file. The appropriateness and timeliness of any such claim may be determined by the appropriate Federal agency. The dismissal is for lack of subject matter jurisdiction. There may also be a lack of service of process and personal jurisdiction.